961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel BARRAGAN, Defendant-Appellant.
 No. 91-30171.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 22, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel Barragan appeals his sentence under the United States Sentencing Guidelines ("Guidelines") following a guilty plea to aiding and abetting the distribution of a controlled substance, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Barragan contends that the district court erred by basing its offense level calculation on the amount of cocaine Barragan allegedly negotiated for sale pursuant to section 2D1.4. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 U.S.S.G. § 2X2.1, captioned "Aiding and Abetting," instructs the district court to set the offense level according to that for the underlying offense. Section 2D1.1 sets forth the offense levels for offenses involving unlawful drug trafficking. U.S.S.G. § 2D1.1. Application Note 12 to section 2D1.1 provides, "[i]f the offense involved negotiation to traffic in a controlled substance, see Application Note 1 of the Commentary to § 2D1.4." U.S.S.G. § 2D1.1, comment. (n. 12). Section 2D1.4, captioned "Attempts and Conspiracies," provides:
 
 
 4
 If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.
 
 
 5
 U.S.S.G. § 2D1.4, comment. (n.1). "It is by virtue of this reference that § 2D1.4 ... is made applicable to defendants convicted of possession with intent to distribute." United States v. Molina, 934 F.2d 1440, 1451 (9th Cir.1991).
 
 
 6
 Here, Barragan was convicted of aiding and abetting the distribution of a controlled substance. Barragan and his codefendant, Jose Ayala, sold heroin and cocaine to undercover agents. According to Barragan's presentence report ("PSR"), after the drugs were delivered,
 
 
 7
 "[a] conversation ensued regarding the purchase of two more kilos of cocaine the following week and other sales in weeks to come. The detective has indicated and the reported conversations verify that there was no question that Mr. Ayala and Mr. Barragan could, and had every intention of delivering larger quantities of cocaine should the buyers be able to come up with the necessary funds."
 
 
 8
 PSR 4. At sentencing, the district court adopted the PSR's recommendation to include the two kilograms of cocaine under negotiation in calculating Barragan's offense level pursuant to section 2D1.4.
 
 
 9
 Barragan argues that section 2D1.4 is not applicable to convictions for aiding and abetting. In addition, Barragan contends that the facts do not support the district court's finding that Barragan negotiated to sell drugs and that he was capable of procuring the quantity discussed. These claims lack merit.
 
 
 10
 Section 2D1.4 is applicable to Barragan through section 2D1.1, Application Note 12. See Molina, 934 F.2d at 1451. The facts set forth in the PSR indicate that Ayala negotiated to sell two kilograms of cocaine to undercover agents, and that the agents believed Ayala and Barragan were capable of producing that amount. Barragan did not present evidence to refute these statements.[1] The district court's conclusion was supported by the PSR and is not clearly erroneous. See id., 934 F.2d at 1451 n. 14.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Barragan claims that section 2D1.4 should not be applied because he was not present when Ayala negotiated to sell the cocaine. Nevertheless, as an aider and abettor, Barragan is punishable as a principal. See 18 U.S.C. § 2(a)